**KELVIN GITTENS, Plaintiff**

v.

**INDUSTRIAL MAINTENANCE CORPORATION (IMC), Defendant**

Civil No. 453/2002

Superior Court of the Virgin Islands

Division of St. Croix

November 30, 2005

LEE J. ROHN, ESQ., Law Offices of Rohn & Cameron, Christiansted, St. Croix, United States Virgin Islands, *Attorney for Plaintiff*.

GEORGE H. LOGAN, ESQ., Nichols, Newman Logan & D'Eramo, P.C., Christiansted, St. Croix, United States Virgin Islands, *Attorney for Defendant*.

ROSS, *Judge*

## MEMORANDUM OPINION AND ORDER

(November 30, 2005)

THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider Order Compelling Arbitration, Defendant's response in opposition, Plaintiff's reply thereto and other supplemental filings from the parties related to Plaintiff's instant prayer for reconsideration.

### I. BACKGROUND

On March 11, 2002, Plaintiff Kelvin Gittens ("Gittens") executed an employment contract with Defendant Industrial Maintenance Corporation ("IMC"), said contract containing arbitration provisions at paragraphs 16-20 ("Arbitration Agreement"). On or about June 10, 2002, IMC terminated Gittens' employment. Gittens then brought the instant action against IMC alleging, *inter alia,* wrongful discharge, slander, defamation and libel. In response, IMC moved the Court to compel arbitration in this matter pursuant to the Arbitration Agreement. Gittens opposed arbitration on the grounds that the Arbitration Agreement is unconscionable and therefore unenforceable as it is fundamentally unfair, one-sided and onerous and contrary to public policy. In a Memorandum Opinion dated January 17, 2003, the Court took careful consideration to address the basis for all Gittens' objections to arbitration and in doing so found that the Arbitration Agreement is valid and enforceable under the Federal Arbitration Act and no other external legal constraints preclude its enforcement. Based thereupon, the Court granted IMC's Motion to Compel Arbitration.

Thereafter, Gittens filed the instant Motion to Reconsider, vehemently contending that the Court made several clearly erroneous findings regarding the enforceability of the Arbitration Agreement. In Gittens' reactionary move to lambaste the Court for compelling arbitration, Gittens failed to properly analyze much of the statutory and case law regarding the instant matter, thereby in large party premising his prayer for reconsideration on ill-supported diatribe and a superfluous rehash of

previously considered arguments.[1] Notwithstanding Gittens' deficiency, the Court hereby reconsiders certain aspects of this matter in light of intervening changes in controlling law that occurred after Gittens' instant Motion for Reconsideration, namely the Third Circuit's decisions in *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256 (3d Cir. 2003) and *Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269 (3d Cir. 2004).

## II. DISCUSSION

In view of *Alexander* and *Parilla*, Gittens properly moves for reconsideration in this matter as to the unconscionability of the thirty-day notice provision of the Arbitration Agreement and the Arbitration Agreement's stipulation prohibiting the recovery of attorney's fees.

---

[1] The majority of Gittens' thirty-six page Motion to Reconsider is a repeat of its original objections to arbitration. *Compare* Gittens' Opposition to Motion to Compel Arbitration and Cross Motion for Stay *with* Gittens' Motion to Reconsider Order Compelling Arbitration. A clear example of such redundancy is Gittens' continual reliance on *Equal Employment Opportunity Commission v. Waffle House, Inc.*, 534 U.S. 279, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002) to support his contention that the Arbitration Agreement is unenforceable as a matter of law and public policy because it forbids employees from filing administrative claims with the Equal Employment Opportunity Commission ("EEOC"). As the Court already noted, Gittens' argument in this regard is unpersuasive, as "*Waffle House* never addressed the validity of the employee's mandatory arbitration agreement." *See* Court's Opinion dated January 17, 2003 at p. 7. For reasons more elucidated in the January 17, 2003 Opinion, the Court further held that the "fact that the arbitration provisions may preclude Plaintiff from seeking administrative resolution of his claims does not suffice to render those provisions unenforceable." *See Id.* at pp. 7-8; *see also Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269, 282 (3d Cir. 2004) (holding that the waiver of an administrative forum is no more unconscionable than the waiver of a judicial forum.)

In a similarly unpersuasive move, Gittens relies on *Spinetti v. Service Corp. Int'l*, 324 F.3d 212 (3d Cir. 2003) in continuance of his argument that the Court, not an arbitrator, *must* examine Gittens' unconscionability and public policy arguments. *See* Gittens' Supplemental Briefing in Response to IMC's Notice of Supplemental Authority. Contrary to Gittens' position here, *Spinetti* does not mandate that courts, rather than arbitrators, *must* examine questions of public policy; in this regard, *Spinetti* simply acknowledges that controlling case law neither precludes the courts nor arbitrators from deciding questions of policy. *See Spinetti*, 324 F.3d at FN1. Accordingly, policy arguments can be presented in the arbitral or judicial forum. Therefore, the Court's decision to defer Gittens' public policy challenges to an arbitrator is not clearly erroneous.

## A. Thirty-Day Notice

Paragraph 19 of the Arbitration Agreement provides that "Employee must present Employee's claim in written form to the Company within thirty (30) calendar days of the event which forms the basis of the claim, unless a different time for presentation of the claim is provided for by the National Rules for the Resolution of Employment disputes of the American Arbitration Association [("AAA Rules")]." Paragraph 19 further provides that if notice is not given as described, "[i]t is agreed that the Employee has waived Employee's right to assert the claim, and shall have no further remedy against Employer."

■ With the exclusion of the AAA Rules caveat included in the instant thirty-day notice provision, the Third Circuit confronted an identical thirty-day notice provision in *Alexander* and held that such a provision "is clearly unreasonable and unduly favorable to [the employer]." 341 F.3d at 266. The *Alexander* court further stated that "[i]n addition to providing an apparently insufficient time to bring a well-supported claim, such an obligation prevents an employee from invoking the continuing violation and tolling doctrines." *Id.* at 267. As to the AAA Rules caveat as included in the instant thirty-day notice provision, the *Parilla* court found that the incorporation of the AAA rules cannot be read as an exception to the thirty-day notice provision and does not absolve an employee of the contractual obligation to present a claim within thirty-days, said contractual obligation being held unconscionable by the court in *Alexander*. Consistent with *Alexander* and *Parilla,* the Court, therefore, holds that the instant thirty-day notice provision is unconscionable.

## B. Attorney's Fees

As to the issue of attorney's fees, Paragraph 19 of the Arbitration Agreement stipulates that "[o]ther than arbitrator's fees and expenses, each party shall bear its own costs and expenses, including attorney's fees." Gittens maintains that such a prohibition on the recovery of attorney's fees is a violation of Virgin Islands public policy allowing the recovery of attorney's fees to the prevailing party in a civil action. In support of its stance here, Gittens relies heavily upon the ruling in *Plaskett v. Bechtel Intern., Inc.,* 243 F. Supp. 2d 334 (D.V.I. 2003), reasoning that under Title VII prevailing plaintiffs are ordinarily awarded

attorney's fees whereas it is more difficult for prevailing defendants to recover attorney's fees; accordingly, any prohibition on attorney's fees as applied to Title VII claims clearly and unreasonably helps the employer to the disadvantage of the employee. Based thereupon, the *Plaskett* court held the arbitration provision precluding the recovery of attorney's fees to be substantively unconscionable, but only as applied to Title VII claims. *See Plaskett*, 243 F. Supp. 2d at 340-341.

Notwithstanding Gittens' stance to the contrary, *Plaskett* forms no binding or otherwise persuasive basis for the Court to find unenforceable the instant arbitration provision precluding attorney's fees, as said provision does not apply to any Title VII claim. However, in *Alexander,* the court recognized *Plaskett's* reasoning and held that even though the standards for recovering attorney's fees under Virgin Islands law do not differ based upon whether the prevailing party is the plaintiff or defendant, such a provision "clearly helps [the employer], the party with a substantially stronger bargaining position and more resources, to the disadvantage of an employee needing to obtain legal assistance." 341 F.3d at 267. Given this holding in *Alexander,* the court in *Parilla* held that the provision prohibiting the recovery of attorney's fees is unconscionable with respect to claims under the laws of the Virgin Islands. Likewise, the Court here has no choice but to follow *Alexander* and hold that the instant provision prohibiting the recovery of attorney's fees is unconscionable.

### C. Severability

The Court hereby concludes that the Arbitration Agreement's thirty-day notice provision and the provision precluding the recovery of attorney's fees are unconscionable and therefore unenforceable. The Court must next consider whether it is appropriate to sever the unenforceable provisions from the remainder of the Arbitration Agreement. To this end, the court in *Spinetti v. Service Corp. Intern.*, 324 F.3d 212 (3d Cir. 2003) found that the task in this instance is to decide whether the unconscionable provisions constitute "an essential part of the agreed exchange" of promises. RESTATEMENT (SECOND) OF CONTRACTS § 184(1) (1981). The Court here, like the court in *Spinetti,* concludes that the clear and apparent essence of the Arbitration Agreement is to settle employment disputes through binding arbitration, and the provisions regarding notice and attorney's fees can be stricken without disturbing

265

the primary intent of the parties to arbitrate their disputes. Thus, the Court hereby deems unconscionable and severable the provisions of the Arbitration Agreement relating to attorney's fees and the thirty-day notice requirement.

### D. Stay of Proceedings

■ Upon finding all Gittens' claim validly arbitrable, the Court previously ordered dismissal of the instant action for reasons of judicial economy. *See* Court's Opinion dated January 17, 2003 at p. 14 (relying upon *Blair v. Scott Specialty Gases*, 283 F.3d 595, 600 (3d Cir. 2002), citing *Smith v. The Equitable*, 209 F.3d 268, 272 (3d Cir. 2000) *abrogated on other grounds,* quoting *Seus v. John Nuveen & Co., Inc.,* 146 F.3d 175, 179 (3d Cir. 1988). The Court indeed concedes that it is without discretion to dismiss a case where one of the parties applies for a stay pending arbitration. *See Lloyd v. Hovensa*, 369 F.3d 263 (3d Cir. 2004). However, it is unclear as to whether Gittens actually applied for a stay in this matter. While Gittens' original opposition to arbitration is entitled "Opposition to Motion to Compel Arbitration and Cross Motion for Stay," Gittens failed to include in said opposition any explicit prayer for a stay in this matter. Therefore, the Court's prior order dismissing Gittens' claims is not necessarily in conflict with *Lloyd.* Nonetheless, the Court will err on the side of safety and liberally construe Gittens' original opposition to arbitration as including an alternative request for a stay. Accordingly, the Court hereby vacates its order dismissing Gittens' claims and instead stays the proceedings in this matter pending arbitration.

### III. CONCLUSION

The premises considered and the Court being otherwise fully advised, it is hereby

ORDERED that the provisions of the Arbitration Agreement relating to the recovery of attorney's fees and the thirty-day notice requirement are hereby stricken and the remaining provisions of the Arbitration Agreement are otherwise valid and enforceable; it is further

ORDERED that the parties in this matter must submit to arbitration in accordance with the valid and enforceable portions of the Arbitration Agreement; and, it is further

ORDERED that the proceedings in the above-captioned matter are hereby stayed pending arbitration.